**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

Chambers of
**Jessica S. Allen**
United States Magistrate Judge

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973) 645-2580

June 12, 2026

**LETTER ORDER**

TO:    **ALL COUNSEL OF RECORD BY ECF**

Re:    **Doe v. Virgil Miller Newton, et al.**
       **Civil Action No. 25-12107 (ES) (JSA)**

Dear Counsel:

Before the Court is Plaintiff John Doe's letter dated April 17, 2026, (ECF No. 34), which **(1)** responds to this Court's Order to Show Cause why the Complaint should not be dismissed against Defendant Ruth Ann Newton for failure to timely serve, pursuant to Federal Rule of Civil Procedure 4(m); and **(2)** requests leave to file a motion for substituted service on National Union Fire Insurance Company of Pittsburgh, PA (herein, "NUFIC") and to vacate the Order entered by the Honorable Esther Salas, U.S.D.J., dated April 8, 2026, which dismissed without prejudice Defendants Virgil Miller Newton, Kids of North Jersey, Inc., and the Estate of Miller Newton.

**General Background**

On or about April 17, 2025, Plaintiff commenced this action in New Jersey Superior Court, alleging that he was sexually harassed, abused, and assaulted while involuntarily confined at Defendants' drug treatment centers in the early 1990s. (*See* Compl., ¶ 3; ECF No. 1-2). The Complaint named five defendants: (1) Virgil Miller Newton; (2) Kids of North Jersey, Inc.; (3) Kids Center of America; (4) Straight Foundation, Inc.; and (5) Drug Free America Foundation, Inc. (*Id.*)

On June 20, 2025, Defendants Straight Foundation and Drug Free America (the "Removing Defendants") removed the case to this Court, (ECF No. 1), and thereafter, filed a motion to dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(2) and (b)(6) (*see* ECF No. 3).[1]

Following a case management conference with the Undersigned on September 30, 2025, Plaintiff filed, with the Removing Defendants' consent, an Amended Complaint that added two Defendants—the Estate of Miller Newton, and Ruth Ann Newton, who is alleged to be Virgil

---

[1] Defendants Virgil Miller Newton, Kids of North Jersey, Inc. ("KONJ") and Kids Center of America ("KCA") did not appear. Notably, it appears that KONJ and KCA are "defunct" corporations and that Virgil Miller Newton passed away in August 2025. (*See* Notice of Removal, ¶¶ 5-6; *see also* ECF No. 34 at 3).

Miller Newton's widow.  (*See* ECF No. 16).  Thereafter, following a period of jurisdictional discovery, Plaintiff voluntarily dismissed the Removing Defendants.  (*See* ECF No. 24).  At that point, KONJ, KCA, the Estate of Miller Newton, and Ruth Ann Newton remained as defendants (collectively, at times, the "Remaining Defendants").

On January 9, 2026, the Honorable Esther Salas, U.S.D.J. entered a notice of call for dismissal as to the Remaining Defendants due to Plaintiff's failure to timely serve pursuant to Federal Rule of Civil Procedure 4(m).  (*See* ECF No. 27).

On January 22, 2026, Plaintiff filed an "affidavit of good faith efforts to affect service," (ECF No. 28), stating that he was trying to serve Ruth Ann Newton but had been unsuccessful, and that he was attempting to locate insurance coverage for KONJ and KCA.  (*See id.*).  In response, on February 10, 2026, District Judge Salas entered an Order providing Plaintiff with "one final extension of time to serve the remaining Defendants" through March 11, 2026.  (ECF No. 29).

On March 5, 2026, Plaintiff filed an affidavit of service, without any supporting documentation or information, stating that Plaintiff had allegedly served Ruth Ann Newton on March 2, 2026, by providing a copy of the summons and amended complaint to "Jessa Kate Collins" at an entity identified as "Lifecare."  (ECF No. 30, the "March 5th Affidavit of Service").

On April 8, 2026, this Court issued an Order to Show Cause why the Complaint should not be dismissed against Ruth Ann Newton, as the March 5th Affidavit of Service did not explain why service on "Jessa Kate Collins" or "Lifecare" was proper.  (*See* ECF No. 31, the "Order to Show Cause").  Further, the same day, District Judge Salas dismissed Defendants Virgil Miller Newton, KONJ, and the Estate of Miller Newton without prejudice, due to Plaintiff's failure to timely file proof of service.  (*See* ECF No. 32).  On April 17, 2026, Plaintiff filed the present letter.

**Service on Ruth Ann Newton**

In the April 17th Letter, Plaintiff's Counsel responds to the Order to Show Cause by stating that investigative efforts revealed that Ruth Ann Newton has dementia, is incompetent, and resides in a nursing home in Orange Park, Florida, identified as Life Care.  (*Id.* at 2).  Plaintiff also contends that "Jessa Kate Collins" is an Administrative Supervisor at Life Care Center and represented that she was authorized to accept service on Ruth Ann Newton's behalf.  (*Id.*)

Service of an incompetent person is governed by Federal Rule of Civil Procedure 4(g), which requires that service on such a person be made "by following state law for serving a summons or like process on such a defendant in an action brought in the courts of general jurisdiction of the state were service is made . . . ." *Id.*  Here, service was made in Florida.  Pursuant to Florida law, service on an incompetent person is accomplished, as relevant here, "[b]y serving two copies of the process to the person who has care or custody of the incompetent or, when there is a legal guardian appointed for the incompetent, by serving the guardian . . ." Fla. Stat. § 48.042(1)(a).  While Plaintiff's Counsel does not state whether Ruth Ann Newton has a guardian, she nevertheless contends service was proper because it was provided to Ms. Collins, who has "care or custody" over Ruth Ann Newton.  *Id.*

Even assuming, *arguendo*, service on Ruth Ann Newton was proper, Plaintiff did not explain how he intends to prosecute his claims on the merits against Ms. Newton, an apparently undisputed incompetent person. For example, a default judgment can be entered against an incompetent person "*only* if represented by a general guardian, conservator, or other like fiduciary that has appeared." Fed. R. Civ. P. 55(b)(2) (emphasis added). Thus, even if service was proper, Plaintiff cannot presently obtain a default judgment against Defendant Ruth Ann Newton. *See id.; see also Murphy v. C.W.*, 158 Fed. Appx. 393, 396 (3d Cir. 2006) (so holding); *American Advisors Grp.*, 2019 WL 8331433, at *4-5 (E.D. Tex. Dec. 30, 2019) (same, as to a defendant in a nursing home).

For that reason, Plaintiff is directed to submit a response on or before **June 26, 2026**, detailing how he intends to prosecute his claims against Ms. Newton or explain why the Complaint against her should not be dismissed given her current status. *See, e.g.*, *Alea London v. Oxendine*, 2010 WL 2812688, at *2 (E.D.N.C. July 14, 2010) (directing plaintiff to explain "how this matter can be reduced to a judgment" against an incompetent person or why it should not be dismissed).

**Request to File a Motion for Service & to Vacate**

Plaintiff represents that he spent "nearly a year" trying to determine if the KONJ facility where he was allegedly abused "had an insurance policy that covers the time period Plaintiff was there." (*Id.* at 3). Plaintiff further represents that, on March 18, 2026, he "finally confirmed that [NUFIC] had a policy for the [KONJ] facility where Plaintiff was abused that cover the time period Plaintiff was there." (*Id.*) Based on same, Plaintiff requests leave to file a motion for "substituted service on NUFIC and to vacate the Order for Dismissal dated April 8, 2026." (*Id.*)

Plaintiff's June 17th Letter does not address several important issues related to this request. First, Plaintiff's request relating to NUFIC raises concerns regarding federal subject matter jurisdiction.[2] Specifically, the Amended Complaint alleges the presence of federal diversity jurisdiction. (*See* ECF No. 16, ¶ 2). Plaintiff allegedly "resides" in New York. (*Id.* ¶¶ 2-3).[3] Yet, Plaintiff does not clearly address whether he intends to name NUFIC as a party; the citizenship of NUFIC; or whether the citizenship of NUFIC is relevant in this context. *See, e.g.*, *Gentry v. Chubb*, 2022 WL 1082453, at *3 (D.N.J. Apr. 11, 2022); *see also* 28 U.S.C. § 1332(c)(1). Second, no legal standards are supplied, or analysis performed, for substituted service or to vacate a Court Order. Third, Plaintiff does not explain how good cause to extend time to serve or vacate a Court Order could exist when he was apparently aware of the existence of insurance on March 18, 2026, but did not advise the Court prior to entry of Judge Salas's April 8th Order.

In light of the foregoing, Plaintiff's request to file his contemplated motion is granted, but he is directed to address the threshold jurisdictional and other issues raised herein in any such motion. Any such motion shall be filed on or before **July 6, 2026**.

---

[2] Courts can raise subject matter jurisdiction *sua sponte* at any time. *See Zambelli Fireworks, Mfg. Co., Inc. v. Wood*, 593 F.3d 412, 421 (3d Cir. 2010).

[3] Notably, Plaintiff's allegation of residence is insufficient to establish Plaintiff's citizenship for purposes of diversity jurisdiction. *See, e.g.*, *Pierro v. Kugel*, 386 Fed. Appx. 308, 310 (3d Cir. 2010) ("It is well-settled that, for purposes of diversity jurisdiction, citizenship means domicile, not residence.").

**SO ORDERED**.

s/Jessica S. Allen
**Hon. Jessica S. Allen**
**United States Magistrate Judge**

cc:  Hon. Esther Salas, U.S.D.J.

4